UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No.  6:13-cv-1610-Orl-31TBS

CAROL S. HILL,

    Defendant.
_____/

ORDER

Pending before the Court is Plaintiff's Motion to Compel Compliance with Order (Doc. 17).  The motion is deficient because it does not contain the certificate required by M.D.Fla. Rule 3.01(g) which provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.

The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred."  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g).  The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates.

Counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).  A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.  If the opponent fails or refuses to promptly respond to a Rule 3.01(g) inquiry sanctions may be imposed.

The Court set a February 5, 2014 deadline for the parties to file their Case Management Report.  (Doc. 12).  Plaintiff's motion alleges that pro se Defendant Carol S. Hill has not responded to the draft Case Management Report Plaintiff's lawyer sent her for signature.  Consequently, Plaintiff says it has been unable to comply with the Court's Order.  The Court makes no decision at this time as to this allegation.  However, both parties are placed on notice that the Court will require strict compliance with its Orders and that the failure to comply will result in the imposition of sanctions against the offending party.

Now, the Motion to Compel Compliance with Order (Doc. 17), is DENIED without prejudice.

DONE AND ORDERED in Orlando, Florida, on February 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel
    Defendant, pro se